**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LIFE ALERT EMERGENCY RESPONSE, INC., | |
| Plaintiff, | Case No. |
| v. | JURY TRIAL DEMANDED |
| INTERNATIONAL MARKETING GROUP, INC., | |
| Defendant. | |

**COMPLAINT**

Plaintiff, Life Alert Emergency Response, Inc. ("Life Alert"), by and through its undersigned counsel, files this complaint against Defendant, International Marketing Group, Inc. ("IMG" or "Defendant"), and alleges as follows:

**NATURE OF ACTION**

1.      This is an action for patent and copyright infringement against Defendant for its infringement of U.S. Patent Nos. D753,089 ("the '089 Patent") and D800,085 ("the '085 Patent") (collectively, the "Asserted Patents") and U.S. Copyright Registration No. TX 8-437-495.

**PARTIES**

2.      Plaintiff Life Alert is a California corporation, with its corporate headquarters and principal place of business in the County of Los Angeles, California.

3.      On information and belief, Defendant IMG is a Missouri corporation, with its principal place of business located at 13 Industrial Drive, Pacific, Missouri 63069.

1

## JURISDICTION AND VENUE

4.      This action arises under the United States Patent Act, codified at 35 U.S.C. § 1 et seq., and in particular, 35 U.S.C. §§ 271, 281-285, and 289, as well as under the Copyright Act, 17 U.S.C. § 101 *et seq*.

5.      This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant because, on information and belief, Defendant is incorporated in this Judicial District, has committed acts of infringement in and from this Judicial District, and continues to commit acts of infringement in and from this Judicial District.

7.      Venue is proper under 28 U.S.C. § 1400(b) in this District because, on information and belief, Defendant is incorporated and therefore deemed to reside in this District.

## FACTS

8.      Plaintiff Life Alert has been in the business of providing emergency medical response services and related products for seniors for over thirty years.

9.      Life Alert's products include pendants and/or telephones capable of calling emergency first responders at the push of a single button in the event of an emergency.

10.      On June 3, 2014, Plaintiff's Senior Vice President Ofer Shepher ("Shepher") filed U.S. Patent Application No. 29/492,849 ("the '849 Application"), entitled "Mobile Telephone."

11.      On April 5, 2016, the '089 Patent was issued by the United States Patent and Trademark Office ("PTO") based on the '849 Application.  A true and correct copy of the '089 Patent is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.

12.      The '089 Patent is valid and enforceable.  The term of the '089 Patent will expire on or about April 5, 2030.

13.     The '089 Patent discloses and claims various novel and unique designs related to mobile telephones.

14.     Plaintiff Life Alert possesses all rights of recovery under the '089 Patent, as confirmed by an Exclusive License Agreement, including the right to sue for infringement, recourse for damages, and to seek injunctive relief.

15.     On March 4, 2016, Shepher filed U.S. Patent Application No. 29/556,992 ("the '992 Application"), entitled "Mobile Telephone."

16.     On October 17, 2017, the '085 Patent was issued by the PTO based on the '992 Application.  A true and correct copy of the '085 Patent is attached hereto as Exhibit B and is incorporated by reference as if fully set forth herein.

17.     The '085 Patent is valid and enforceable.  The term of the '085 Patent will expire on or about October 17, 2032.

18.     The '085 Patent discloses and claims various novel and unique designs related to mobile telephones.

19.     Plaintiff Life Alert possesses all rights of recovery under the '085 Patent, as confirmed by an Exclusive License Agreement, including the right to sue for infringement, recourse for damages, and to seek injunctive relief.

20.     On or about March 24, 2015, Plaintiff Life Alert first published the User's Manual Life Alert HELP Pendant ("the Manual") which accompanies Life Alert's emergency medical response product when sold.

21.     The Manual is an original creative work entitled to copyright protection and is subject to Copyright Registration No. TX 8-437-495 ("the '495 Registration"), attached hereto as Exhibit C.

22.     The '495 Registration has an effective date of November 16, 2017.

23.     Upon information and belief, for all times relevant to this Complaint, Defendant has been making, using, selling, or offering to sell products covered by one or more of the designs of the Asserted Patents and continues to do so to this day.  By way of example, these products include, but are not limited to, 911 Help Now Gen 2 Emergency Communicator Pendant with Two-Way Talk and Assisted-GPS ("the Product").  Defendant has sold the Product at least through Home Shopping Network, as shown by the printout of Home Shopping Network's website attached as Exhibit D.

24.     On August 21, 2017, Plaintiff Life Alert wrote to Home Shopping Network ("HSN") to notify HSN of its infringement of the '089 Patent, as shown in Exhibit E.

25.     On August 28, 2017, HSN responded to Plaintiffs' August 21 letter, identifying Defendant as the supplier of the Product, as shown in Exhibit F.

26.     On August 30, 2017, Plaintiff Life Alert wrote to Defendant to notify Defendant of its infringement of the '089 Patent, as shown in Exhibit G.  Defendant did not respond.

27.     The Product entered into the stream of U.S. commerce by Defendant and offered for sale or sold to residents in this District does not have any substantial non-infringing uses and an ordinary observer would be deceived into thinking that the Product was the same as Plaintiff Life Alert's patented designs.

## COUNT I

### Design Patent Infringement of '089 Patent – 35 U.S.C. §§ 271 and 289

28.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 27 above as if fully set forth herein.

29.     The claim of the '089 Patent is presumed valid pursuant to 35 U.S.C. § 282.

30.     Defendant, in violation of 35 U.S.C. § 271, has been and is currently infringing, contributorily infringing, and/or inducing others to infringe the claim of the '089 Patent, either literally or under the doctrine of equivalents, by making, causing to be made, using, offering for sale, selling, and/or importing into the United States, without license or authority, at least the Product, which is covered by the claimed designs of the '089 Patent.

31.     At least since August 30, 2017, Defendant has willfully infringed and, upon information and belief, will continue to willfully infringe, upon the claim of the '089 Patent by the use, manufacture, offer for sale, sale, and/or importation of the Product unless this Court enjoins Defendant's infringing activities.

32.     As a result of Defendant's willful infringement of the '089 Patent, Plaintiff has been damaged to an extent not yet determined.

33.     Plaintiff is entitled to monetary damages adequate to compensate it for Defendant's infringement of a design patent under 35 U.S.C. §§ 284 and 289, increased damages under 35 U.S.C. § 284, and interest, costs, and attorneys' fees under 35 U.S.C. § 285.  Plaintiff is further entitled to injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

## <u>COUNT II</u>

### Design Patent Infringement of '085 Patent – 35 U.S.C. §§ 271 and 289

34.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 33 above as if fully set forth herein.

35.     The claim of the '085 Patent is presumed valid pursuant to 35 U.S.C. § 282.

36.     Defendant, in violation of 35 U.S.C. § 271, has been and is currently infringing, contributorily infringing, and/or inducing others to infringe the claim of the '085 Patent, either literally or under the doctrine of equivalents, by making, causing to be made, using, offering for

5

sale, selling, and/or importing into the United States, without license or authority, at least the Product, which is covered by the claimed designs of the '085 Patent.

37.     At least since the date of this Complaint, Defendant has willfully infringed and, upon information and belief, will continue to willfully infringe, upon the claim of the '085 Patent by the use, manufacture, offer for sale, sale, and/or importation of the Product unless this Court enjoins Defendant's infringing activities.

38.     As a result of Defendant's willful infringement of the '085 Patent, Plaintiff has been damaged to an extent not yet determined.

39.     Plaintiff is entitled to monetary damages adequate to compensate it for Defendant's infringement of a design patent under 35 U.S.C. §§ 284 and 289, increased damages under 35 U.S.C. § 284, and interest, costs, and attorneys' fees under 35 U.S.C. § 285.  Plaintiff is further entitled to injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

## COUNT III

### Copyright Infringement of '495 Registration – 17 U.S.C. § 501

40.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 39 above as if fully set forth herein.

41.     Life Alert's '495 Registration is valid and subsisting.

42.     The work represented by the '495 Registration, *i.e.*, the Manual, is an original work of authorship, fixed in a tangible medium of expression from which it can be perceived, reproduced, or otherwise communicated.

43.     Defendant has had access to the Manual.

44.     Defendant has distributed and, on information and belief, continues to distribute, unauthorized copies of the work represented by the '495 Registration.

45.     Defendant has infringed Life Alert's copyright by distributing copies the work represented by the '495 Registration without license, permission, or privilege to do so.

46.     Defendant's infringement of the work represented by the '495 Registration has caused and will cause harm to Life Alert.

47.     Defendant's copyright infringement and the threat of continuing and future infringement has caused, and will continue to cause, repeated and irreparable injuries to Life Alert.

48.     Life Alert's remedies at law are not adequate to compensate for the injuries imposed by Defendant's infringements.  Therefore, Life Alert requires an injunction prohibiting Defendant, its agents, employees, and other persons acting in conspiracy, concert, or participation with Defendant, in any manner, Life Alert's copyrights, and from inducing, aiding, causing, or contributing to such infringements by others, in violation of 17 U.S.C. § 501.

49.     As a direct and proximate result of Defendant's infringement of Life Alert's copyrights, Life Alert has also suffered certain monetary damages.

50.     Life Alert is entitled to recover from Defendant such actual damages as it can prove and all of Defendant's profits (including cost savings) gained by infringement, in accordance with 17 U.S.C. § 504(b).

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues appropriately triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Life Alert prays for judgment in his favor and against IMG for the following:

(a)     A judgment that Defendant has infringed the Asserted Patents;

(b)     A decree that Defendant's infringement of the Asserted Patents was willful and

deliberate;

(c)     An award to Plaintiff of damages that are adequate to fully compensate him for Defendant's infringement of the Asserted Patents, together with prejudgment interest and costs, including enhanced damages for any willful infringement under 35 U.S.C. § 284;

(d)     An accounting and payment by Defendant to Plaintiff of all profits realized by Defendant from the unlawful acts complained of herein pursuant to 35 U.S.C. § 289;

(e)     A permanent injunction enjoining Defendant and those in active concert or participation with Defendant from infringing the Asserted Patents;

(f)     A finding that this case is exceptional and award Plaintiff his costs, reasonable attorneys' fees, and expenses in this action;

(g)     An accounting for damages arising from the infringement of the Asserted Patents by Defendant and those in privity with Defendant, including, but not limited to, those sales not presented at trial, and an award by the Court for any such sales;

(h)     A permanent injunction enjoining Defendant and those in active concert or participation with Defendant from using Life Alert's Manual or any works that are substantially similar thereto or derived therefrom;

(i)     An award to Plaintiff for damages adequate to compensate Life Alert for Defendant's acts of copyright infringement, including Life Alert's actual damages and lost profits in an amount to be established at trial;

(j)     An accounting for Defendant's profits attributable to their acts of copyright infringement;

(k)     An award to Plaintiff of the greater of three times Defendant's profits or three times any damages sustained by Life Alert, together with prejudgment interest;

8

(l)     An award of punitive damages to Life Alert; and

(m)     An award of such other and further relief, at law or in equity, as the Court may

deem just and proper.


Dated:  June 4, 2018                          Respectfully submitted,

                                             **LEWIS RICE LLC**

                                             By:  ____/s/_____
                                                  Sarah E. Mullen, #61058MO
                                                  600 Washington Avenue, Suite 2500
                                                  St. Louis, MO 63101-1311
                                                  (314) 444-7600
                                                  (314) 612-7688 Facsimile
                                                  smullen@lewisrice.com


                                             **PANITCH SCHWARZE BELISARIO &
                                             NADEL LLP**

                                                  John D. Simmons Dennis J. Butler
                                                  (*pro hac* applications to be filed)
                                                  Wells Fargo Tower
                                                  2200 Concord Pike, Suite 201
                                                  Wilmington, DE 19803
                                                  Telephone: (302) 394-6030
                                                  Facsimile:   (215) 965-1331
                                                  jsimmons@panitchlaw.com
                                                  dbutler@panitchlaw.com


                                                  *Attorneys for Plaintiff Life Alert Emergency
                                                  Response, Inc.*